UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.:

JESUS GONZALEZ

    Plaintiff,

vs.

GARDEN PARTNERS, LLC.,
d/b/a Peacock Garden Café.

    Defendants.
_____/

## COMPLAINT FOR INJUNCTIVE RELIEF

Plaintiff, Jesus Gonzalez, by and through his undersigned counsel, hereby sues Defendant, Garden Partners, LLC., d/b/a Peacock Garden Café, for injunctive relief pursuant to 42 U.S.C. §§12181-12189 of the Americans with Disabilities Act ("ADA") and 28 C.F.R. Part 36 and alleges:

## JURISDICTION

1. This is an action for declaratory and injunctive relief pursuant to Title III of the Americans with Disabilities Act ("ADA") 42 U.S.C. §§12181-12189. This Court is vested with original jurisdiction under 28 U.S.C. §1331.

2. Venue is proper in the Court, pursuant to 28 U.S.C. §1391(b) in that all events giving rise to this lawsuit occurred within the Southern District of Florida and the subject premises is located within the jurisdiction of this Court.

3. Defendant, Garden Partners, LLC., is authorized to conduct, and conducting, business within the State of Florida and within the jurisdiction of this court.

**Gonzalez v. Garden Partners, et al**
**Complaint**

## PARTIES

4. Plaintiff, Jesus Gonzalez ("Plaintiff") is a resident of the state of Florida. Plaintiff has a "qualified disability" under the ADA as he is disabled with neuropathy and nerve damage due to radiation and utilizes a wheelchair for mobility. Plaintiff's disability is defined in 42 U.S.C. §12102(1)(A)(2), 28 C.F.R. §36.105(b)(2) and 28 C.F.R. §36.105(2)(iii)(D). Plaintiff is also a "tester" to determine whether public accommodations are in compliance with the ADA/ADAAG.

5. Defendant, Garden Partners, LLC, (also referenced as "Defendant Garden Partners," "operator," or "lessee") is a Florida Limited Partnership. Defendant, Garden Partners is the owner and operator of the Peacock Garden Café.

## FACTS

6. Defendant, Garden Partners Restaurant's, Peacock Garden Café features an indoor/outdoor dining room perfect for al fresco dining. The garden surrounds diners with flourishing plants and flowers as they dine under the shade of tree canopies during the day and underneath starry skies at night. The Garden Partners Restaurant's, Peacock Garden Café is located at 2889 McFarlane Road, Miami, FL 33193, and is open to the public and therefore is a place of public accommodation pursuant to 42 U.S.C. §12181(7)(B) as "[A] restaurant, bar, or other establishment serving food or drink." The Garden Partners Restaurant's, Peacock Garden Café which is the subject to this action is also referred to as "Peacock Garden Cafe," "restaurant," or "place of public accommodation."

7. As the owner/operator of a restaurant which is open to the public, Defendant, Garden Partners Restaurant's is defined as a "Public Accommodation" within meaning of Title

III because it is a private entity which owns, or operates a restaurant; 42 U.S.C. §12182, §12181(7)(B) and 28 C.F.R. §36.104(2).

8. Due to the close proximity to Plaintiff's home to Coconut Grove and the Peacock Garden Café, on August 19, 2022, Plaintiff personally visited the restaurant to purchase a meal and dine therein and to test for compliance with the ADA/ADAAG.

9. Due to the fact that he perambulates with the assistance of a wheelchair, Plaintiff met barriers to access while testing/dining within the restaurant.

10. Based on the access impediments Plaintiff encountered, Plaintiff has been denied full and equal access by the owner and operator of the "Peacock Garden Café" (Defendant Garden Partners).

11. As the owner and operator of the "Peacock Garden Café", Defendant, Garden Partners, and the need to provide for equal access in all areas of its restaurant. Therefore, its failure to reasonably accommodate mobility impaired and disabled patrons by ensuring that its restaurant is fully accessible is/was willful, malicious, and oppressive and in complete disregard for the civil rights of the Plaintiff and in violation of 28 C.F.R. §36.302.

12. As a result of Defendant's discrimination, Plaintiff has suffered loss of dignity, mental anguish and other tangible injuries and has suffered an injury-in-fact.

13. Plaintiff continues to desire to patronize and/or test the "Peacock Garden Café" but continues to be injured in that he continues to be discriminated against due to the barriers to access within that restaurant which are in violation of the ADA.

14. Any and all requisite notice has been provided.

15. Plaintiff has been obligated to retain the civil rights law office of J. Courtney Cunningham, PLLC and has agreed to pay a reasonable fee for services in the prosecution of this

cause, including costs and expenses incurred. Plaintiff is entitled to recover those attorney's fees, costs and expenses from Defendants pursuant to 42 U.S.C. §12205.

## **COUNT I – VIOLATIONS OF TITLE III OF THE ADA**

16. The ADA was enacted and effective as of July 26, 1990, and ADA legislation has been protecting disabled persons from discrimination due to disabilities since that time. Over 32 years have passed since enactment of the ADA, public accommodations and places of public accommodation have had adequate time for compliance.

17. Congress explicitly stated that the purpose of the ADA was to:

(i) provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities;

(ii) provide clear, strong, consistent, enforceable standards addressing discrimination against individuals with disabilities; and,

(iii) invoke the sweep of congressional authority, including the power to enforce the fourteenth amendment and to regulate commerce, in order to address the major areas of discrimination faced on a daily by people with disabilities.

42 U.S.C. §12101(b)(1)(2) and (4).

18. Prior to the filing of this lawsuit, Plaintiff personally visited the "Peacock Garden Café", with the intention of patronizing that restaurant to enjoy a meal and/or test the public accommodation for compliance with the ADA/ADAAG; however, Plaintiff was denied adequate accommodation because, as a disabled individual who utilizes a wheelchair for mobility, Plaintiff met barriers to access. Therefore, Plaintiff has suffered an injury in fact.

19. Defendant, Garden Partners, has discriminated (and continue to discriminate) against Plaintiff by denying full and equal access to, and full and equal enjoyment of, goods, services, facilities, privileges, advantages and accommodations at the "Peacock Garden Café" in derogation of 42 U.S.C. §12101 *et seq.* and as prohibited by 42 U.S.C. §12182 *et seq.* by failing

to remove barriers to access pursuant to 42 U.S.C. §12182(b)(2)(a)(iv), where such removal is readily achievable.

20. Plaintiff has been unable to, and continues to be unable to, enjoy full and equal safe access to, and the benefits of, all the accommodations and services offered at the "Peacock Garden Café".

21. Defendant is governed by the ADA and must be in compliance therewith. However, Defendant has discriminated against disabled patrons in derogation of 28 C.F.R. Part 36.

22. Pursuant to the mandates of 42 U.S.C. §12134(a), on July 26, 1991 (as amended), the Department of Justice, Office of the Attorney General, promulgated Federal Regulations to implement the requirements of the ADA, known as the Americans with Disabilities Act Accessibility Guidelines (hereinafter "ADAAG"), 28 C.F.R. Part 36, under which said Department may obtain civil penalties of up to $75,000 for the first violation and $150,000 for any subsequent violation.

23. Defendant, Garden Partners Restaurant's the Peacock Garden Café, is in violation of 42 U.S.C. §12181 et seq., the ADA and 28 C.F.R. §36.302 et seq., and Defendant is discriminating against Plaintiff as a result of inter alia, the following specific violations:

   i. Plaintiff had difficulty exiting the vehicle, as there is traffic pole encroaching the designated accessible parking space access aisle. Violation: traffic pole is encroaching over the accessible parking space access aisles violating Section 4.6.3 of the ADAAG and Section 502.3 of the 2010 ADA Standards, whose resolution is readily achievable.

   ii. The main entrance only has stairs to access the restaurant. Violation: This entrance is inaccessible and does not have signage posted indicating the location of an accessible

      entrance. Sections 216.6 of the 2010 ADA Standards, whose resolution is readily achievable.

iii. Plaintiff had difficulty using the bar counter, as it is mounted too high. Violation: There is no lower portion of the bar counter provided, violating Section 5.2 of the ADAAG and Section 902.3 of the 2010 ADA Standards, whose resolution is readily achievable.

iv. Plaintiff had difficulty using the bar counter, as it is mounted too high. Violation: There is no lower portion of the bar counter provided, violating Section 5.2 of the ADAAG and Section 902.3 of the 2010 ADA Standards, whose resolution is readily achievable.

v. There are permanently designated interior spaces without proper signage, as the signage is mounted on the door leaf and does not provide braille, violating Section 4.1.3(16) and 4.30 of the ADAAG and Sections 216.2 and 703 of the 2010 ADA Standards, whose resolution is readily achievable.

vi. Plaintiff was exposed to a cutting/burning hazard because the lavatory pipes are not wrapped. Violation: The lavatory bottom supply and/or drainpipes are not fully wrapped or maintained due to the lack of maintenance violating Section 4.19.4 of the ADAAG and Section 606.5 of the 2010 ADA Standards, whose resolution is readily achievable.

vii. Plaintiff had difficulty to use the mirror, as it is mounted too high. Violation: The mirror provided in the restroom is in violation of the requirements in Section 4.19.6 of the ADAAG and Section 603.3 of the 2010 ADA Standards, whose resolution is readily achievable.

viii. Plaintiff had difficulty closing the stall door, as it is missing pull handles. Violation: Toilet compartment (stall) door does not provide pull handles on both sides of the door

   near the latch. Sections 4.27.4 of the ADAAG and Sections 604.8.1.2 of the 2010 ADA Standards, whose resolution is readily achievable.

ix. Plaintiff had difficulty closing the stall door as the toilet compartment (stall) door does not provide self-closing hinges. Sections 4.17.5 of the ADAAG and Sections 604.8.1.2 of the 2010 ADA Standards, whose resolution is readily achievable.

x. Plaintiff was exposed to a cutting/burning hazard because the lavatory pipes are not wrapped. Violation: The lavatory bottom supply and/or drainpipes are not fully wrapped or maintained due to the lack of maintenance violating Section 4.19.4 of the ADAAG and Section 606.5 of the 2010 ADA Standards, whose resolution is readily achievable.

xi. Plaintiff could not use the toilet tissue dispenser without assistance, as it is not mounted at the required location. Violation: The toilet tissue dispenser is not mounted in accordance with Section 4.16.6 and Figure 29 of the ADAAG and Section 604.7 of the 2010 ADA Standards, whose resolution is readily achievable.

xii. Plaintiff could not transfer to the toilet without assistance, as the required clear floor space was not provided due to encroaching item (basket). Violation: The trash bin is encroaching over the accessible water closet clear floor space. Section 4.16.2 of the ADAAG and Sections 604.3.1 of the 2010 ADA Standards, whose resolution is readily achievable.

xiii. Plaintiff could not transfer to the toilet without assistance, as the rear wall grab bar does not have the required clearance. Violation: The basket on top of the water closet tank is encroaching the rear wall grab bar not providing the required clearance. Section 609.3 of the 2010 ADA Standards, whose resolution is readily achievable.

xiv. There are permanently designated interior spaces without proper signage, as the signage is mounted on the door leaf and does not provide braille, violating Section 4.1.3(16) and 4.30 of the ADAAG and Sections 216.2 and 703 of the 2010 ADA Standards, whose resolution is readily achievable.

xv. The plaintiff was exposed to a cutting/burning hazard because the lavatory pipes are not wrapped. Violation: The lavatory bottom supply and/or drain pipes are not fully wrapped or maintained due to the lack of maintenance violating Section 4.19.4 of the ADAAG and Section 606.5 of the 2010 ADA Standards, whose resolution is readily achievable.

xvi. Plaintiff had difficulty to use the mirror, as it is mounted too high. Violation: The mirror provided in the restroom is in violation of the requirements in Section 4.19.6 of the ADAAG and Section 603.3 of the 2010 ADA Standards, whose resolution is readily achievable.

xvii. Plaintiff had difficulty closing the stall door, as it is missing pull handles. Violation: Toilet compartment (stall) door does not provide pull handles on both sides of the door near the latch. Sections 4.27.4 of the ADAAG and Sections 604.8.1.2 of the 2010 ADA Standards, whose resolution is readily achievable.

xviii. Plaintiff had difficulty closing the stall door as the toilet compartment (stall) door does not provide self-closing hinges. Sections 4.17.5 of the ADAAG and Sections 604.8.1.2 of the 2010 ADA Standards, whose resolution is readily achievable.

xix. Plaintiff could not use the toilet tissue dispenser without assistance, as it is not mounted at the required location. Violation: The toilet tissue dispenser is not mounted in accordance with Section 4.16.6 and Figure 29 of the ADAAG and Section 604.7 of the 2010 ADA Standards, whose resolution is readily achievable.

xx. Plaintiff could not use the paper towel dispenser without assistance, as it is not mounted at the required location. Violation: The paper towel dispenser is not mounted in accordance with Section 4.2.5 of the ADAAG and Section 308.2.1 of the 2010 ADA Standards, whose resolution is readily achievable.

**WHEREFORE,** Plaintiff, Jesus Gonzalez hereby demands judgment against Defendant, Garden Partners, LLC., d/b/a Peacock Garden Café, and requests the following injunctive and declaratory relief: The Court declare that Defendants have violated the ADA;

a) The Court enter an Order directing Defendant to evaluate and neutralize their policies, practices and procedures toward persons with disabilities,

b) The Court enter an Order requiring Defendants to alter the commercial property and the "Peacock Garden Café" located therein such that it becomes accessible to and usable by individuals with disabilities to the full extent required by the Title III of the ADA;

d) The Court award reasonable costs and attorneys fees; and

e) The Court award any and all other relief that may be necessary and appropriate.

Respectfully submitted on this November 7, 2022.

By: */s/ J. Courtney Cunningham*
J. Courtney Cunningham, Esq.
FBN: 628166
J. COURTNEY CUNNINGHAM, PLLC
8950 SW 74th Court, Suite 2201
Miami, Florida 33156
Telephone:  305-351-2014
cc@cunninghampllc.com
legal@cunninghampllc.com

*Counsel for Plaintiff*